UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____X
SARA DESIGNS, INC.,

                                                                            CIVIL ACTION NO.

                    Plaintiff,

  -against-                                                           **COMPLAINT**

                                                                            **Jury Trial Demanded**
A CLASSIC TIME WATCH CO. INC., and
NEW YORK AND COMPANY, INC..

      Defendants
_____X

      Plaintiff, Sara Designs, Inc., by its attorneys, The Law Office of Barry E. Janay, P.C., complains of the Defendants as follows:

## PARTIES

    1.     Plaintiff Sara Designs, Inc. is a New York Domestic Business Corporation with a headquarters located at 335 E 82nd St, New York, NY 10028 (hereinafter "Sara").

    2.     Defendant New York and Company, Inc. is a Delaware corporation with a headquarters located at 330 West 34th Street, 9th Floor, New York, New York 10001 (hereinafter "NY & Co.").

    3.     Defendant A Classic Time Watch Co, Inc. is a New York Domestic Business Corporation with a headquarters located at 10 West 33rd Street, Suite 800, New York, New York 10001 (hereinafter "Classic Time").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction in this case under the Copyright Act and the Lanham Act, 17 U.S.C. § 101 et seq., and 15 U.S.C. § 1051 et seq., respectively, pursuant to 28 U.S.C. §§ 1338(a) and (b) and 1331, and the doctrine of pendent jurisdiction. Venue is proper in this case under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## NATURE OF THE CASE

5.     This is a complaint for copyright infringement in violation of the U.S. Copyright Act, 17 U.S.C. § 101 et seq., trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., and 15 U.S.C. § 1125(a) in particular, unfair competition in violation of the Lanham Trademark Act (15 U.S.C.A. §§ 1051 et seq.)., and unjust enrichment,.

## INFRINGING ACTS

6.     Plaintiff is a famous and distinguished jewelry designer and owner of famous trademarks (Exhibit A - TESS Record Sara Designs) and copyright protected jewelry and watch designs (Exhibit B - Copyrights for Wrap Style Watches), including a highly successful series of wrap watches; Plaintiff sells their designs through wholesale orders placed at trade shows, as well as directly to consumers and the brand can be found around the world at high-end department stores, fashion boutiques and online retailers.

7.     Upon information and belief, Defendant NY & Co. is a public company listed on the New York Stock Exchange which together with it's subsidiaries is a specialty retailer of women's fashion apparel & accessories, & describes itself as "the

modern wear-to-work destination for women. It provides fitting pants & NY Style that is feminine, polished, on-trend & versatile."[1]

8.      Prior to the events discussed below, Plaintiff came up with the concept, designed, created, and obtained copyright protection for the unique style of the "Wrap Style Watches" fashion pieces.

*Wrap Style Watch Design*

9.      Sara is synonymous with a brand known primarily for its unique and famous Wrap Style Watches (See Exhibits A, B); the entire collection is designed and handcrafted in their New York studio, using time-consuming techniques and high-quality materials such as: Italian leather, Swarovski crystals, semi-precious stones, unique materials and techniques.

10.     In 2009 the W04 All Chain Wrap Watch ("W04") was created and completed in the Sara studio. The W04 includes gradient chains on the top and bottom of the watch case bars, and adjustable links that include a lobster claw closure connected to the gradient chains with a ring and an extension chain with a Sara Designs leaf-shaped logo connected to the watch; the W04 date of publication was November 9, 2009 and registered with the Copyright Office on March 15, 2013 (Exhibit B).

11.     In 2009 the W03 All Chain Wrap Watch ("W03") was created in the Sara studio. The W03 has the same gradient chain idea, lobster claw closure and extension chain features as the W04, but has a smaller watch face/case size than the W04 (Exhibit B).

---

[1] https://www.nyse.com/quote/XNYS:NWY/company

12.     In 2009 the W07 Classic Leather/Chain Wrap Watch ("W07") was created and completed in the Sara studio. The W07 includes three leather strands of specific order on the top and bottom of the watch case bars, and adjustable links that include a lobster claw closure connected to the three strands with a ring and an extension chain with a Sara leaf-shaped logo connected to the watch; The W07 has since become an essential piece of the Sara collection in which every year the style is updated with new leather colors and patterns; the W07 date of publication was November 9, 2009 and registered with the Copyright Office on March 15, 2013.  (Exhibit B).

13.     In 2012, the W07C Asymyettrical Crystal Watch ("W07C") was created in the Sara studio.

*Trade Show Participation and Product Distribution*

14.     Trade shows allow vendors to show live samples of their products to potential clients with the intention of gaining wholesale orders. Trade show attendees are generally buyers and industry professionals who must register with the event organizer's administration and in general supply a business card and/or tax number in order to access and view collections.

15.     Prior to 2012, Sara Designs participated in the Accessories the Show ("ATS")(1384 Broadway (38th Street), 11th Floor, New York, NY 10018) trade show and from 2009 until approximately 2011Sara promoted the W03, W04 and W07 Wrap Style Watches.

16.     Since 2012 Sara Designs has participated in the ENK Tradeshow ("ENK") (ENK International LLC, 641 Lexington Avenue, 8th Floor, New York City 10022),

starting with the promotion of the W07 style in 2012, subsequently the W03, W04 and W07C styles were added to the ENK trade show roster.

17. Participation in the ATS and ENK tradeshows resulted in growth in sales of Sara products, including the Wrap Style Watches at various stores, boutiques, and online retailers.

18. In 2012, BOP, LLC ("Shopbop.com") 1245 East Washington, Suite 300 Madison, WI 53703) began carrying the W07 style (Exhibit B) and in 2013, Shopbop.com began carrying the W07C style (Exhibit B).

19. In 2012, MyWardrobe.com (d/b/a: The Outnet, UK) started carrying the W03 and W04 Wrap Style Watch (Exhibit B) in various colors.

20. In 2013 Bloomingdale's and Bloomingdales.com (Bloomingdale's, 1000 Third Avenue, New York, NY 10022) started carrying the W04 and W07 Wrap Style Watch (Exhibit B).

21. In 2013, Swell (Swell.com, 121 Waterworks Way, Suite 100, Irvine, CA 92618) started carrying the Wrap Style Watches, including the W07 and W04 Wrap Style Watches.

22. Beginning in 2014, the W07C style was sold on the internet at shopbop.com and through the Bloomingdale's website.

*Defendant NY & Co.'s Access to the Work and Subsequent Infringement*

23. Sara Designs participated in two (2) trade shows in early 2014, January 6th through 8th (booth 4304) and May 5th through 7th (booth 4305) at ENK these booths were in the exact same location on the floor at the trade show, Christina Vitale ("Vitale"),

the Merchandise Manager of New York & Company ("NY&C"), visited Sara's booth and showed interest in bringing their products to her stores; per company policy the attending agent(s) Lindsay Bausch and Sara Bar-Joseph of Sara Designs asked Ms. Vitale for her business card which she subsequently provided. (Exhibit H -- Christina Vitale Business Card)

24. Vitale asked if Sara could lower their prices or produce product as a private label under the NY&C brand with lower-end materials to reach their target pricing and margins.

25. The designer and sales manage Lindsay Bausch and Sara Bar-Josephwere both present and explained to Ms. Vitale that Sara wasn't interested in a partnership. Lowering prices would require Sara to move production overseas and undermine the value of their collection with lower quality materials, and that Sara was mainly focused on promoting their own brand image and awareness in order to expand the business.

26. In 2014, Sara Designs was informed that Defendant was selling a watch that was confusingly similar to Sara's Wrap Style Watches at a lower price point and with lower quality materials ("Infringing Products"); these were clearly knock offs so Sara investigated and determined that indeed the Wrap Style Watches sold on NY & Co.'s website included gradient chains, multiple strands, and adjustment links that are visually near identical to the W03, W04 and W07 watch styles. (Exhibit D -- Infringement NY & Co.)(Exhibit E -- Sara Designs Original Works)

27. The Infringing Products were presented by NY & Co. to the public a few years after Sara Designs' original release. NY&C had access to the W03, W04, W07 and

W07C watches from the trade shows as well as numerous stores and online retailers that sell the product and the opportunity to produce copies of these styles.

28. On or about June 29, 2015, Sara Designs found pieces infringing on the W07L-M Rosegold/RG style available for sale at a NY & Co. retail store (715 Lexington Ave, NY, NY 10022). (Exhibit C -- Purchase of NY & Co. product from retail store)(Exhibit C -- NY&Co rg.png)(Exhibit W07L-M RG.JPG) (It might be helpful to include a screenshot or evidence of how much SD charges for the same product to compare the price difference)

29. On or about August 25, 2015, Sara learned of a new product launched on the NY&C website featuring a watch style identical to W07C. This watch was described as "the new 'In,'" upon information and belief Sara believed this was a replenishment for the style as it was on sale. (Exhibit F-- Screenshot of NY & Co. Website Indicating Price and indicating "New Arrivals").[2]

30. Strikingly and unlikely to be mere coincidence, upon information and belief the order of appearance for each of the Infringing Products sold through NY & Co. is in the same order as Sara Designs launched their product to Shopbop.com. (Exhibit G -- comparison of launch order b/w NY&C, and Shopbop.com)

31. Upon information and belief, NY & Co.'s product infringement continued in 2015 until they were notified by Sara Design's attorney in early November of 2015.

---

[2] Notably, the indication of "mixed media" on the NY & Co. website is the same exact term used on Shopbop.com's listing for the Sara Design's watch, the term is not believed to be used with or associated with reference to any other watches in the market. The use of the identical term shows lack of mere coincidence that the watches are similar and instead, in conjunction with the other exhibits shows that there was no mistake, the design was directly copied.

*Defendant Classic Time's Manufacturing of the Infringing Watches*

32. Upon information and belief, NY & Co. entered into a contract with A Classic Time to manufacture watches that infringed on those produced by Sara Designs.

33. Upon information and belief, A Classic Time was provided with samples or depictions of the Sara Designs watches by NY & Co.

34. Upon information and belief, A Classic Time agreed to indemnify and hold harmless NY & Co. for any liability resulting from a claim or acts of infringement concerning the watches they produced.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

35. The allegations of paragraphs 1 through 30 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

36. By their conduct as alleged herein, the Defendants have unlawfully manufactured, sold, distributed, and offered for sale and distribution in this District as well as throughout all other retail channels that the Defendants do business, unauthorized "Wrap Style Watches" the copyright protected designs and associated trade dress of which belong to the Plaintiff.  Such manufacture, sale, and distribution has been done by the Defendants without consent or authority given by the Plaintiff.

37. The Defendants are liable for infringement of the Plaintiffs' copyrights and the Plaintiffs' exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. § 101, et seq.

38. Each sale and distribution of the "Wrap Style Watches" constitutes a separate and distinct act of infringement in violation of Plaintiff's right in the said jewelry design.

39. The foregoing acts of infringement perpetrated by the Defendants have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of the Plaintiff.

40. As a direct and proximate result of the infringements of the Plaintiff's exclusive rights under copyright in said "Wrap Style Watches," Plaintiff is entitled to itsactual damages and disgorgement of the Defendants' profits in amounts which are not currently ascertainable but are intended to be proven at trial.

41. Alternatively, the Plaintiff is entitled to statutory damages with respect to each of the said acts of infringement by the Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c). Moreover, the Plaintiff is entitled to statutory damages for willful violations as against the Defendants.

42. The Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

43. The Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.

44. The Plaintiffs have no adequate remedy at law.

45. Pursuant to 17 U.S.C. § 502, the Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and

exclusive rights as well as exemplary and punitive damages as allowable under existing law.

46. The Plaintiff is further entitled to impoundment and destruction or other reasonable disposition of all (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance.

## SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement in violation of 15 U.S.C. § 1125(a))

47. The Plaintiff incorporates the allegations of paragraphs 1 through 42 of this complaint.

48. Plaintiff's trade dress is distinctive and unique in the industry.

49. Plaintiff's trade dress is non-functional. Rather, its consistent appearance across Plaintiff's several "Wrap Style Watches" serves to identify the source of each article or piece as being associated with that of Plaintiff.

50. Plaintiff's trade dress is widely recognized by consumers as being associated with Plaintiff and has developed a secondary meaning in the marketplace, in other words the Wrap Style Watches have acquired a source-identifying meaning associated with Plaintiff.

51. By making unauthorized use, in interstate commerce, of a similar trade dress, Defendant is likely to cause confusion, mistake, or deceiving the consumers as to the affiliation or connection of Defendants with Plaintiff and as to the sponsorship or approval of Defendants activities with respect to the Wrap Style Watch articles. Such

unauthorized use also improperly appropriates to Defendants the valuable trade dress rights of Plaintiff.

52.     Defendants acts have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition under New York Common Law)

53.     The allegations of paragraphs 1 through 48 above are hereby re-alleged and repeated with the same force and effect as if fully set forth herein.

54.     Plaintiff's trade dress is distinct and unique in the industry.

55.     Plaintiff's trade dress is widely recognized by consumers as being associated with Plaintiff and has developed a secondary meaning in the marketplace.

56.     Defendants have deceptively manufactured, produced, distributed and sold their own products which are visually nearly identical to the Wrap Style Watch articles created by Plaintiff; Defendant thereby has been improperly trading on Plaintiff's goodwill and valuable rights in and to the trade dress.  Consumers are mistakenly led to believe that Plaintiff is the source of Defendants almost identical Wrap Style Watch articles or are led to believe that said Wrap Style Watch is being produced, distributed, and sold under the endorsement, license, or authorization of Plaintiff which is not true.

57.     Upon information and belief, Defendants committed the above alleged acts willfully, in bad faith and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter, and make an example out of the Defendants.

58. By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

59. Defendants have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

60. The allegations of paragraphs 1 through 55 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

61. Plaintiff never permitted or licensed the Wrap Style Watch designs at issue to the Defendant.

62. Defendant nonetheless reproduced a knock off of the Wrap Style Watch design, then began manufacturing, distributing, and offerring for sale in this District, as well as throughout all of the Defendants retail channels and outlets, as well as in overseas countries, confusingly similar articles, the rights to which belong to the Plaintiff and said manufacture, sale, and distribution has been done without the consent or authority from the Plaintiff.

63. It would be unconscionable to allow the Defendants to receive the benefit and profits from the sale of the "Wrap Style Watches" series.

64. The Defendants are liable to the Plaintiff for their unjust enrichment from the sale of the Wrap Style Watch articles and works.

65. The acts of the Defendants as aforesaid were carried out in such manner as to entitle the Plaintiff to exemplary and punitive damages.

### FIFTH CLAIM FOR RELIEF
(Deceptive Practices Under New York's General Business Law)

66. The allegations of paragraphs 1 through 61 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

67. The acts of Defendant as alleged herein have deceived or misled, or have a tendency to decieve or mislead the public.

68. The acts of Defendants as alleged herein have caused harm to the public.

69. Defendant's false and misleading representations of fact and conduct have influenced the purchasing decisions of the public.

70. By reasons of the Defendant's knowingly false and misleading representaitons of fact and conduct, Defendant has violated New York General Business Law § 349.

71. By reason of Defendant's acts herein alleged, Plaintiff, as well as the public, has been injured.

72. Plaintiff has no adequate remedy at law.

73. Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages, costs, disbursements, and attorney's fees.

### SIXTH CLAIM FOR RELIEF
(False Advertising under New York's General Business Law)

74. The allegations of paragraphs 1 through 69 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

75. In connection with the marketing and advertising of its Infringing Products, in violation of New York General Business Law § 350, Defendant has intentionally and willfully made, published, disseminated, circulated, and placed before the purchasing public advertisements containing false, deceptive, and misleading statements pertaining to it's own products and by implication Plaintiff's products in the context of commercial marketing in the State of New York and elsewhere.

76. By reason of Defendant's conduct, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

77. Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages, costs, disbursements, and attorney's fees.

### SEVENTH CLAIM FOR RELIEF
**(Trademark Infringement Under New York Law)**

78. The allegations of paragraphs 1 through 73 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

79. Defendant's acts described above constitute trademark infringement under New York common and/or statutory law. N.Y. Gen. Bus. Law § 360-k, 360-o.

### EIGHTH CLAIM FOR RELIEF
**(Trademark Dilution Under New York Law)**

80.     The allegations of paragraphs 1 through 75 above are hereby re-alleged and repeated with the same force and effect as if fully set forth at this point.

81.     Defendant's acts as described above dilute and detract from the distinctivenewss of the Sara trademarks, resulting in damage to Sara and the substantial business and goodwill symbolized by the Sara trademarks in violation of New Yrok's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1.

WHEREFORE Plaintiff demands judgment as follows:

a .   On the FIRST CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages, plus equitable relief consisting of preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyrights and exclusive rights, an accounting of Defendant's profits and damages arising out of the infringement and impoundment and destruction or other reasonable disposition of all (i) articles found to have been made or used in violation of the Plaintiff's exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys' fees and costs.   Or in the alternative for statutory damages as called for in the statute plus reasonable attorneys fees and costs,

b .    On the SECOND CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages, plus equitable relief consisting of  preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights, an accounting of profits related to the infringement, and impoundment and destruction or other reasonable disposition of all (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys fees and costs.   Or in the alternative for statutory damages as called for in the statue plus reasonable attorneys fees and costs.

c .   On the THIRD CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages, plus equitable relief consisting of

   preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights, an accounting of profits, and impoundment and destruction or other reasonable disposition of all (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights, and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys fees and costs.

d. On the FOURTH CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in an amount to be proven at trial plus all costs.

e. On the FIFTH CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages, an injunction, costs, disbursements, and attorney's fees.

f. On the SIXTH CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages, an injunction, costs, disbursements, and attorney's fees.

g. On the SEVENTH CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages, an injunction, costs, disbursements, and attorney's fees.

h. On the EIGHTH CLAIM FOR RELIEF against the Defendant(s) jointly and severally for the Plaintiff's actual damages, an injunction, costs, disbursements, and attorney's fees.

i. Award Plaintiff such other and further relief as the Court deems just and proper.

DATED: Westchester County, New York
May 16, 2016

By _____
Barry E. Janay, Esq. (BJ9311)
Law Office of Barry E. Janay, P.C.
*Attorneys for Plaintiff*
220 White Plains Rd., Ste. 300
Tarrytown, NY 10591
Tel. 917-756-8501
Fax 855-374-2884

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____X

SARA DESIGNS, INC.,

                                              CIVIL ACTION NO.

                Plaintiff,

-against-                                  **COMPLAINT**

                                              **Jury Trial Demanded**

NEW YORK AND COMPANY, INC..

        Defendants
_____X

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial of this case by a jury.

DATED:    New York, New York
                May 16, 2016

                                           By _____
                                           Barry E. Janay, Esq. (BJ9311)
                                           Law Office of Barry E. Janay, P.C.
                                           *Attorneys for Plaintiff*
                                           220 White Plains Rd., Ste. 300
                                           Tarrytown, NY 10591
                                           Tel.  917-756-8501
                                           Fax  855-374-2884