UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SARA DESIGNS, INC.,

       Plaintiff,

  -v-                                              No.  16CV03638-LTS

A CLASSIC TIME WATCH CO. INC., and
NEW YORK AND COMPANY, INC.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER AND OPINION</u>

       Plaintiff Sara Designs, Inc. ("Sara Designs") brings suit against A Classic Time Watch Co. Inc. ("A Classic Time Watch Co.") and New York and Company, Inc. ("NY & Co.," together with A Classic Time Watch Co., the "Defendants"), asserting claims for: (1) federal copyright infringement pursuant to Federal Copyright Act of 1976, 17 U.S.C. § 101, <u>et</u> <u>seq.</u> ("Copyright Act"); (2) federal trade dress infringement pursuant to the Federal Trademark Act of 1946, 15 U.S.C. § 1051, <u>et</u> <u>seq.</u> ("Lanham Act"), and 15 U.S.C. § 1125(a); (3) state trademark infringement and dilution under New York General Business Law § 360; (4) unfair trade practices under New York common law; and (5) deceptive practices and false advertising under New York General Business Law §§ 349 and 350.

       The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

       Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has cross-moved for a preliminary injunction to prohibit Defendants from manufacturing, importing, and selling via wholesale or retail channels, the

allegedly infringing watch designs at issue.  For the following reasons, Defendants' motion is granted and Plaintiff's motion for a preliminary injunction is denied.

BACKGROUND

The following facts are taken from the Complaint, and assumed to be true for the purposes of this motion practice.

Plaintiff is a famous and distinguished jewelry designer, and sells its designs, including a highly successful series of wrap watches, through wholesale orders placed at trade shows, directly to consumers, and through high-end department stores, fashion boutiques and online retailers around the world.  (Compl. ¶ 6.)  In 2009, Plaintiff created several styles of wrap watches using gradient chains, leather strands, adjustable links that include a lobster claw closure connected to the gradient chains with a ring, and an extension chain with a Sara Designs leaf-shaped logo connected to the watch.  (Id. ¶¶ 10-12.)

Plaintiff has promoted its goods at trade shows since before 2012 and has participated in the "ENK" trade show since 2012.  (Id. ¶¶ 15-16.)  Plaintiff's products, including wrap style watches, have been carried by internet retailers, as well as at physical stores.  (Id. ¶¶ 17-22.)  Plaintiff participated in two trade shows in 2014.  (Id. ¶ 23.)  A representative from NY & Co. visited Plaintiff's booth to ask whether Plaintiff would lower prices or produce their product with lower-end materials under the NY & Co. brand.  (Id. ¶ 24.)  Plaintiff's representative at the trade show declined to work with NY & Co. at the time.  (Id. ¶ 25.)  Between 2014 and 2015, Plaintiff was made aware of Defendants' watches that allegedly copied Plaintiff's W03, W04, W07, W07C, and the W07L-M Rosegold/RG watches.  (Id. ¶¶ 26-29.)  NY & Co. contracted with A Classic Time for manufacture of the watches.  (Id. ¶¶ 32-34.)

Plaintiff's Complaint, filed in May 2016, was accompanied by several exhibits, including the registration for the "SARA DESIGNS" trademark (Ex. A), certificates of copyright registration for several watches (Ex. B), and numerous images of what appear to be internet screenshots of various iterations of Plaintiff's watches and Defendants' allegedly infringing watches.  (Exs. C-E.)  Among the certificates of registration submitted are certificates for: Registration Number VA 1-876-624 for a work titled "W04 All Chain Wrap Watch" completed in 2009 with effective date of registration March 15, 2013; Registration Number VA 1-876-642 for a work titled "W07 Leather and Chain Wrap Watch" completed in 2009 with effective date of registration March 13, 2013; Registration Number VA 1-876-647 for work titled "W06 Second Strand Studded Wrap Watch" completed in 2009 with effective dated of registration March 21, 2013.  (See id.)  Each of the submitted certificates consists of a single page of text, and none is accompanied by any corresponding images of the work it purports to cover nor any specific descriptions of the work, other than the title of the work as referenced above.  The internet images of the allegedly infringed watches are not specifically labeled or alleged to correspond to any particular registration number.

On December 12, 2016, the Court issued an Order, directing Plaintiff to file a supplemental submission, "clarifying the specific copyrighted watches it claims to have been infringed and any corresponding allegedly infringing watches . . . and documentation clarifying the scope of the copyright application and grant covering the allegedly infringed watches."  (Docket entry no. 32.)  Plaintiff filed a Supplemental Declaration (docket entry no. 33), which contained images for the following watch titles: "W07 RoseGold.RG," "W07L SilverSnake," "W07 Gold.G," "W03/W04 sm dial gold," "W03/W04 sm dial silver," "W07C," and "W07 BrnSnake."  The Supplemental Declaration asserted that "W07 RoseGold.RG," "W07L

SilverSnake," "W07 Gold.G," and "W07 BrnSnake," are all covered by Registration Number VA 1-876-642 for the "W07 Leather and Chain Wrap Watch." It also asserted that "W07C" was covered by Registration Number VA 1-876-624 for the "W04 All Chain Wrap Watch." Plaintiff, however, did not provide any further information, pertaining to the application for the certificates of registration or otherwise, that would demonstrate that the certificates of registration corresponded to the images of the various watches submitted with the Complaint.

On February 7, 2017, the Court held an oral argument on the motion to dismiss and the motion for a preliminary injunction, where, among other things, Plaintiff was given a further opportunity to explain precisely which watches it contends are covered by the certificates of registration submitted. Plaintiff's counsel proffered that Plaintiff was in possession of additional materials that would support its position that the certificates of registration cover the allegedly infringed watches, but acknowledged that Plaintiff's counsel had neglected to include such materials in Plaintiff's response to the Court's December 12, 2016, Order. Plaintiff's counsel made an oral application for leave to amend the Complaint, which the Court took under advisement.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Procedure, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

A complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice.  Twombly, 550 U.S. at 555.  In making its Rule 12(b)(6) determinations, the court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In deciding a Rule 12(b)(6) motion, a court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

1.         Federal Copyright Claim

Defendants move to dismiss Plaintiff's federal copyright claim, arguing that Plaintiff's copyright registrations are invalid because wrap watches as a concept are not protectable by copyright law, that there is no substantial similarity between the Plaintiff's watches and those sold by Defendants, and that Plaintiff cannot claim that a single certificate of registration covers multiple styles of watches.

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Proper registration is a prerequisite to an action for infringement.  Palmer/Kane LLC v. Rosen Book Works LLC, No. 15 CV 7406, 2016 WL 4534896, at *3 (S.D.N.Y. Aug. 30, 2016) (citation omitted).  Here, Plaintiff has attached several purportedly valid certificates of registration to the Complaint, none of which includes any description or image from which the Court could plausibly infer coverage

of any of the watches in the screenshots attached to the Complaint.  For instance, although Plaintiff claims that "the W03 All Chain Wrap Watch" has been infringed, it has not provided a certificate of registration referencing any "W03" watch, nor alleged a plausible basis for a determination that any of other certificates cover that particular watch.  The same is true of a number of watch titles referenced in the Complaint as to which no coverage by a certificate of registration has plausibly been alleged.  (See, e.g., Compl. ¶¶ 13, 28-29 (referencing "W07C Asymettrical [sic] Crystal Watch" and "W07L-M Rosegold/RG style" watches).)  Likewise, with respect to Plaintiff's "W04" and "W07" style watches, the Complaint appears to attach images of various iterations of such watches, but the purported certificates of registration are devoid of descriptive language or imagery that would support an inference that any of the watches shown in the screenshots provided are covered by the certificates.

        The Supplemental Declaration submitted by Plaintiff in response to the Court's December 12, 2016, Order only underscored the deficiency of Plaintiff's pleadings.[1]  The declaration proffers, without explanation, multiple and seemingly different watches as being covered by single certificates of registration, and refers to watch titles that differ from the titles in the certificates and the Complaint.  (Compare e.g., Ex. B (Registration Number VA 1-876-624 for work titled "W04 All Chain Wrap Watch") with Supplemental Declaration at ECF p. 4 (asserting that watches titled "W03/04 sm dial gold," "W03/04 sm dial silver, " and "W07C" are all covered by Registration Number VA 1-876-624.))  In short, based on the Complaint, the Court is unable to conclude that Plaintiff has provided a plausible factual basis from which to infer that there is a valid copyright registration covering any of the specific watches shown in the

---

[1] For the purposes of the motion to dismiss, the Court considers any information contained in the Supplemental Declaration beyond the Complaint as proffers with respect to a potential amended complaint.

screenshots attached to the Complaint.  Accordingly, because the Complaint has not plausibly pleaded on its face valid copyright registration covering any of the watch images submitted with the Complaint, Defendants' motion to dismiss the federal copyright claim is granted.  Plaintiff's counsel claimed at oral argument that there is additional documentation that would establish the coverage of the certificates of registration and also suggested that Plaintiff may claim protection of certain watches as derivative works.  Plaintiff will be given the opportunity to propose an amended complaint.

2.	Federal Trade Dress Infringement Claim

Section 43(a) of the Lanham Act protects trade dress, which "encompasses the overall design and appearance that make the product identifiable to consumers."  See Nora Beverages, Inc. v. Perrier Group of America, Inc., 269 F.3d 114, 119 (2d Cir. 2001).  "To plead a claim of trade dress infringement involving the appearance of a product, [a plaintiff] must allege that (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's good and the defendant's."  Sherwood 48 Assocs. v. Sony Corp. of Am., 76 F. App'x 389, 391 (2d Cir. 2003) (citation omitted).  "A plaintiff must also offer a 'precise expression of the character and scope of the claimed trade dress.'"  Id. (quoting Landscape Forms, Inc. v. Columbia Cascade Co., 113 F. 3d 373, 381 (2d Cir. 1997)).  This requires an articulation of which of the plaintiff's trade design elements are distinctive and how they are distinctive.  See National Lighting Co., Inc. v. Bridge Metal Indus., LLC., 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009).

A product has acquired secondary meaning when, "in the minds of the public, the primary significance of [the mark] is to identify the source of the product rather than the product

itself." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 114 (2d Cir. 2001) (internal quotation marks and citation omitted).  When determining whether a trade dress has secondary meaning, courts consider several factors, including: (1) plaintiff's advertising expenditures; (2) consumer surveys linking the trade dress to a particular source; (3) sales success; (4) unsolicited media coverage; (5) attempts to plagiarize the trade dress; and (6) the length and exclusivity of the use.  See Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc., No. 12 CV 3599, 2012 WL 3240442, at *6 (S.D.N.Y. Aug. 7, 2012).  To meet the plausibility standard under Twombly, a complaint must include sufficient facts to support an inference of secondary meaning.  See id. (holding that plaintiff inadequately pleaded secondary meaning where it failed to allege facts relating to its advertising expenditures, consumer surveys, marketing coverage or prior attempts to plagiarize plaintiff's trade dress).

        Here, Plaintiff's allegations with respect to the claimed trade dress and any secondary meaning are conclusory and insufficient to withstand the motion to dismiss.  The Complaint fails to articulate the precise nature of the trade dress Plaintiff purports to claim, and merely contains a high level description of features of several watches, such as "gradient chain," "lobster claw closure," and "leaf-shaped logo," without allegations as to whether and how those features are distinctive.  See National Lighting Co., Inc., 601 F. Supp. 2d at 562 (dismissing trade dress claim for failure to state with any degree of specificity, apart from "a laundry list of the elements that constitute a lighting fixture's design," what plaintiff was endeavoring to protect and how it was distinctive).  Moreover, the Complaint fails plausibly to allege any facts that could give rise to an inference of secondary meaning.  Other than asserting in a conclusory manner that Plaintiff is a "brand known primarily for its unique and famous Wrap Style Watches," and that "Plaintiff's trade dress is widely recognized by consumers as being

associated with Plaintiff and has developed secondary meaning in the marketplace" (Compl. ¶¶ 9, 50), the Complaint fails to plead any facts, such as ones relating to Plaintiff's advertising expenditures, consumer surveys, marketing coverage or prior attempts to plagiarize Plaintiff's trade dress, that would support a proper inference of secondary meaning.[2]  See Urban Grp. Exercise Consultants, 2012 WL 3240442, at *7.

Accordingly, Defendants' motion to dismiss the federal trade dress infringement claim is granted.

3.      State Trademark Infringement and Trademark Dilution Claims

Plaintiff brings a trademark infringement claim under New York common law and New York Gen. Bus. Law §§ 360-k and 260-o as well as a trademark dilution claim under New York Gen. Bus. Law § 360-1.

The elements necessary to prevail on causes of action for trademark infringement "under New York common law mirror the Lanham Act claims."  ESPN, Inc. v. Quiksilver, Inc., 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (citations omitted).  "To prevail on a trademark infringement claim, plaintiff must prove that its mark is a protectible trademark and that defendants' use of the mark is likely to confuse consumers as to the source or sponsorship of plaintiff's product."  Le Book Pub. Inc. v. Black Boko Photography, Inc., 418 F. Supp. 2d 305, 311 (S.D.N.Y. 2005) (citing Nabisco Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir.

---

[2] In Plaintiff's opposition brief to the motion to dismiss, it claims that its watches have been featured by "popular magazines, websites, and retail outlets." (Pl. Opp. at 15.)  It goes without saying that a Court does not consider assertions contained in briefs that are not pleaded in the Complaint.  Moreover, being featured in magazines and websites, absent facts to support the additional factors outlined above, would not be sufficient to plead secondary meaning.

2000)).

New York law affords protection against dilution to marks that are distinctive as a result of having acquired secondary meaning, as well as those that are inherently distinctive. See New York Stock Exchange, Inc. v. New York, New York Hotel LLC, 293 F.3d 550, 558 (2d Cir. 2002). Claims for trademark dilution can be brought where there is "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name . . . notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." Van Praagh v. Gratton, 993 F. Supp. 2d 293, 305 (E.D.N.Y. 2014) (citing NYGBL § 360-1). New York law, however, does not permit a dilution claim unless the marks in question—i.e. the "senior" mark and the "junior" mark—are "substantially" similar. See Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 114 (2d Cir. 2009). To prevail on a trademark dilution claim brought under § 360-1, a plaintiff must show "(1) that it possesses a strong mark, one which has a distinctive quality or has acquired a secondary meaning such that the trade name has become so associated in the public's mind with the plaintiff that it identifies goods sold by that entity as distinguished from goods sold by others, and (2) a likelihood of dilution by either blurring or tarnishment." See Gucci America, Inc. v. Guess?, Inc., 868 F. Supp. 2d 207, 241 (S.D.N.Y. 2012).

Here, the Complaint does not allege that Defendants actually used Plaintiff's mark "SARA DESIGNS" or any trademarks even remotely similar to that mark and thus fails to state a viable trademark infringement or dilution claim. The allegedly infringing watches depicted in the attachments to the Complaint are marked with "NY & Co." or "New York & Company" logos. To the extent Plaintiff seeks to claim that the term "wrap style watch" or the appearance of its watches constitutes a protectible trademark, it has proffered neither facts nor

legal theories sufficient to render viable the infringement and dilution causes of action. Accordingly, Plaintiff's state law trademark infringement and trademark dilution claims are dismissed.

4.      State Unfair Competition and Unjust Enrichment Claims

Defendants move to dismiss Plaintiff's state unfair competition and unjust enrichment claims on the basis that they are preempted by federal law.

Plaintiff's unjust enrichment claim, which arises from alleged misappropriation of its copyrights (see Compl. ¶¶ 61-62), is preempted by the Copyright Act and is therefore dismissed. See Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 637 (S.D.N.Y. 2008) (dismissing claims of unfair competition and unjust enrichment sound is misappropriation of copyright as preempted by the Copyright Act). To the extent that Plaintiff's unfair competition claim is also based on misappropriation of copyright, that aspect of the claim is also dismissed.

With respect to its unfair competition claim, Plaintiff repeats its allegations with respect to the trade dress infringement claim. Trade dress infringement is a species of a common law claim for unfair competition, and the elements of unfair competition under New York law closely parallel the elements of unfair competition under the Lanham Act. See Medisim Ltd. v. BestMed LLC, 910 F. Supp. 2d 591, 606 (S.D.N.Y. 2012). To assert a viable New York unfair competition claim, Plaintiff must also allege facts indicative of bad faith. Heptagon Creations, Ltd v. Core Grp. Mktg. LLC, No. 11 CV 1794, 2011 WL 6600267, at *9 (S.D.N.Y. Dec. 22, 2011). Since, as explained above, Plaintiff has not adequately pleaded a Lanham Act claim, its New York unfair competition claim also fails. Moreover, its unfair competition claim would fail

for the additional reason that the Complaint has not adequately alleged bad faith.[3]

Accordingly, Defendants' motion to dismiss Plaintiff's unfair competition and unjust enrichment claims is granted.

5. <u>State Deceptive Practices and False Advertising Claims</u>

Plaintiff also brings a deceptive practices claim under New York Gen. Bus. Law § 349 and a false advertising claim under New York Gen. Bus. Law § 350. Defendants move to dismiss these claim because, <u>inter alia</u>, Plaintiff has not alleged any injury to the public interest, as required under the statutes.

A plaintiff bringing a claim for deceptive practices under Section 349 must prove: (1) the challenged act or practice was consumer oriented; (2) that it was misleading in a material way; and (3) that the plaintiff suffered injury as a result of the deceptive act. <u>Merck Eprova AG v. Brookstone Pharm., Inc.</u>, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013) (citations omitted). A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance. <u>Id.</u> Corporate competitors have standing to bring a Section 349 claim if "the gravamen of the complaint [is] consumer injury or harm to the public interest," <u>see</u> <u>Securitron Magnalock Corp. v. Schnabolk</u>, 65 F.3d 256, 264 (2d Cir. 1995), and "federal courts have determined that the provisions of [§§ 349

---

[3] Other than the presence of NY & Co.'s representative at a public trade show and communication to Plaintiff of the desire to collaborate and the alleged similarity of the designs, Plaintiff has not alleged any facts in support of bad faith. (<u>See</u> Compl. ¶¶ 23-26.) In Plaintiff's opposition to the motion to dismiss, it asserts that it is plausible that the representative "engaged in the conversation with Sara Designs in order to learn non-publicly available trade secrets and insight about the production of 'wrap watches' to gain an unfair advantage in the marketplace." (Pl. Opp. at 17.) That allegation does not appear in the Complaint; the Court does not consider it in connection with the instant motion practice.

and 350] require the sort of offense to the public interest which would trigger FTC intervention under 15 U.S.C.A. § 45," see U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F. Supp. 2d 158, 176 (S.D.N.Y. 2001) (citations omitted); see, e.g., Vitabiotics, Ltd. v. Krupka, 606 F. Supp. 779 (E.D.N.Y. 1984) (deceptive practices statute was violated when vitamin manufacturer sold vitamins containing unlawful substances).

    Here, Plaintiff has alleged no facts supporting an inference of harm to the public interest or consumers outside of harm to its own products and its related property rights. Defendants' motion to dismiss the deceptive practices and false advertising claims is granted.

CONCLUSION

    For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted in its entirety, without prejudice to the filing of a motion for leave to file an amended complaint. Plaintiff's motion for a preliminary injunction is denied.  In light of the dismissal of the Complaint, the initial pre-trial conference scheduled for March 24, 2017, is adjourned sine die.

    Plaintiff may, by **March 3, 2017**, file a motion for leave to amend its complaint. Any such motion must be accompanied by a memorandum of law and a copy of the proposed amended complaint that is blacklined to identify the proposed changes.  Failure to make a timely motion for leave to amend, or to demonstrate in such a motion that amendment would not be futile, will result in dismissal of this action with prejudice.

This Memorandum Opinion and Order resolves docket entry number 22.

SO ORDERED.

Dated: New York, New York
February 15, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge