UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SARA DESIGNS, INC.,

      Plaintiff,

  -v-                                        No. 16 CV 3638-LTS

A CLASSIC TIME WATCH CO. INC. and
NEW YORK AND COMPANY, INC.,

      Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

A Classic Time Watch Co. Inc. and New York and Company, Inc. ("Defendants"), have moved the Court for a grant of attorneys' fees pursuant to 17 U.S.C. section 505 ("Section 505") following the dismissal of Sara Designs, Inc.'s, copyright infringement claims. (Docket Entry No. 54.)

The Court has considered the submissions of the parties carefully and, for the following reasons, grants Defendants' motion for attorneys' fees.

## BACKGROUND

In its original Complaint, Sara Designs, Inc. ("Plaintiff"), alleged, inter alia, that Defendants infringed on Plaintiff's copyright in "wrap" style watches. Several purportedly valid copyright registration certificates were attached to the complaint, but the certificates were devoid of descriptions (other than model numbers), other references to, or images of the purportedly copyrighted material. See Sara Designs, Inc. v. A Classic Time Watch Co., 234 F. Supp. 3d 548, 554-55 (S.D.N.Y. 2017) (the "February Order"); (see also Complaint, Docket Entry No. 5). Defendants moved to dismiss the Complaint. On December 12, 2016, after Defendants' motion

to dismiss had been fully briefed, the Court gave Plaintiff an opportunity to supplement and clarify its pleading, ordering Plaintiff to file a supplemental submission by January 13, 2017, "clarifying the specific copyrighted watches it claims to have been infringed and any corresponding allegedly infringing watches, including providing a side-by-side comparison or chart with images of the watches, and documentation clarifying the scope of the copyright application and grant covering the allegedly infringed watches." (Order, Docket Entry No. 32.) The Court noted that "the certificates of registration attached as Exhibit B to the Complaint merely list the generic titles and, apparently, marked numbers of the works without any discernable corresponding watch design or image." (Id.) Defendants' response to the order did not elucidate the features of the designs that Plaintiff claimed were being infringed. (See generally Supp. Decl. of Barry E. Janay, Docket Entry No. 33.) In a January 20, 2017, Order, the Court gave Plaintiff a further chance to clarify its claims, ordering the parties to appear for oral argument of the motion to dismiss and noting that the supplemental declaration identified seven purportedly infringing watches but that Plaintiff had "presented only two potentially relevant Certificates of Registration." (Docket Entry No. 35.) Plaintiff's counsel proffered at the oral argument that Plaintiff had additional materials that would support its claim that the certificates of registration cover the allegedly infringed watches, acknowledged that the material had not been included in the supplemental submission, and made an oral application for leave to amend the Complaint. February Order, 234 F. Supp. 3d at 553. The Court took the motion under advisement following the oral argument and issued the February Order shortly thereafter. Id.

In that February Order, the Court dismissed Plaintiff's federal copyright claim for failure to plead sufficiently that the allegedly infringed copyrights were properly registered or

preregistered, a necessary prerequisite to bringing suit for copyright infringement pursuant to 17 U.S.C. section 411(a).  February Order, 234 F. Supp. 3d at 554-55.  The Court found that Plaintiff had not plausibly alleged, either through attached documents or in the body of the Complaint, that the allegedly infringed designs were indeed subjects of the proffered registration certificates.  Id.  The Court provided Plaintiff with a 21-day window of time in which to make a motion for leave to amend the complaint, requiring that the motion be accompanied by a memorandum of law and a copy of the proposed amended complaint.  Id. at 558.  The February Order clearly provided that Plaintiff's failure to make a timely motion, or to demonstrate that the amendment would not be futile, would result in dismissal of the action with prejudice.  Id.

Plaintiff did not proffer a proposed amended complaint within the period prescribed by the Court, but instead attempted to file a motion for reconsideration, or in the alternative leave to file an amended complaint, on February 27, 2017.  (See Docket Entry No. 39.)  The motion was not fully filed on the ECF system until May 10, 2017.  (See Docket Entry No. 45.)  By letter submission dated October 18, 2017, Plaintiff proffered for the first time images, described as "deposit copies," of two of the allegedly registered watch designs that include the registration numbers corresponding to the appropriate registration certificates, claiming that counsel had received the images in May 2017.  (Docket Entry No. 46.)  Plaintiff's attorney represented that "burgeoning attorney-client relations issues resulted in the delay in submitting the request for the deposit copies."  (Id. at 2.)

The Court denied Plaintiff's motion for reconsideration and leave to amend, concluding that Plaintiff had not demonstrated good cause, pursuant to Federal Rule of Civil Procedure 16, for Plaintiff's failure to comply with the Court's orders in a timely fashion.  (Mem. Order, January 22, 2018, Docket Entry No. 51, at 7-8.)  Specifically the Court found that

Plaintiff had not been diligent in its prosecution of the case, failing to take advantage of its three opportunities to provide the requisite documentation to the Court and only proffering such documentation six months after the final deadline, and that allowing an amendment at that point in the litigation would prejudice the Defendants. (Id.)

Defendants seek $35,729.83 in attorneys' fees for their successful defense of this suit. (Dweck Supp. Aff., Docket Entry No. 69-1, ¶ 10.[1]) Sara Bar, Plaintiff's founder, has proffered a declaration that Plaintiff "is in an extremely difficult financial position," has "lost several major clients," and has shed seven of its eight employees. (Bar Aff., Docket Entry No. 66, ¶¶ 31-32.) Bar further states that Plaintiff has "operated at a significant net loss, which doubled from 2016 to 2017," and that the imposition of attorneys' fees "would cripple [the] company and may even push it to bankruptcy," and argues that a fee award would be "inequitable" under these circumstances. (Id. ¶¶ 33-35.)

DISCUSSION

Section 505 provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.S. § 505 (LexisNexis 2011). Although there is "no precise rule or formula for making [attorneys' fee] determinations," several non-exclusive factors may be considered in exercising discretion under Section 505, including "frivolousness, motivation, objective unreasonableness (both in the

---

[1] Defendants have moved for leave to file a supplemental affidavit documenting additional fees accrued in connection with their motion for attorneys' fees and Plaintiff's unsuccessful appeal of this Court's judgment. (Docket Entry No. 69.) As Plaintiff has not objected to this request, the Court hereby grants it and has considered Defendants' supplemental affidavit.

factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, 510 U.S. 517, 534, 534 n.19 (1994) (quotation marks and citations omitted). Although the objective reasonableness of a plaintiff's claim is an important factor in a district court's examination, it is not controlling. Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1988 (2016). A court must "take into account a range of considerations beyond the reasonableness of litigating positions" and may award fees to a defendant even if the plaintiff's litigation position was objectively reasonable. Id. at 1988-89.

These factors may guide courts' discretion "so long as [they] are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Fogerty, 510 U.S. at 534 n.19. The Copyright Act seeks to encourage the production of creative expression and the expansion of public access to creative works. Id. at 526-27. In furtherance of this broad goal, the Copyright Act allows the shifting of fees to incentivize parties with strong claims or defenses to "stand on their rights and deter[] [parties] with weak [positions] from proceeding with litigation." Kirtsaeng, 136 S. Ct. at 1986-87.

Defendants contend that they are entitled to attorneys' fees because Plaintiff failed to allege, either on the face of its complaint or through attached documentation, that it had registered the allegedly infringed copyrights, which is a prerequisite for an infringement action,[2] and then failed to avail itself of the numerous opportunities granted by this Court to provide such documentation until after it filed its motion for reconsideration and well after its deadline to move for leave to amend its complaint. Because Plaintiff was eventually able to provide the deposit copies that appear to establish that at least two of the allegedly infringed designs were

---

[2] See 17 U.S.C. § 411(a).

covered by copyright registrations,[3] the Court is unable to conclude that Plaintiff's claim was objectively unreasonable. Nor does it appear that Plaintiff intentionally delayed the action to inflict greater litigation costs on Defendants and extract concessions, although it is not clear why Plaintiff did not tender the available registration information in a timely fashion. Plaintiff's principal appears to blame the delay on Plaintiff's prior attorney; in the October 2017 letter submitting the deposit copies, the former attorney represented that "burgeoning attorney-client issues resulted in the delay in submitting the request for the deposit copies." (See Docket Entry No. 46; see also Bar Decl. ¶¶ 28-30.) What is clear is that the litigation was prolonged, and ultimately derailed, by Plaintiff's failure to provide basic information in support of its claim in a timely fashion, despite numerous opportunities afforded to it by the Court.

The circumstances of this case warrant an award of attorneys' fees to deter future litigants from failing to attend diligently to their obligations, as well as to reimburse Defendants for their inflated litigation costs and advance the goals of the Copyright Act. Defendants were forced to incur increased litigation costs to accommodate Plaintiff's counsel's repeated failures to produce documents that appear to have been available to Plaintiff. Cf. TufAmerica Inc. v. Diamond, No. 12-CV-3529 (AJN), 2018 WL 401510, at *4 (S.D.N.Y. Jan. 12, 2018) (finding a need to deter the filing of inadequately-investigated frivolous lawsuits). Furthermore, the purposes of the fee shifting provision of the Copyright Act, namely to deter parties that are unlikely to prevail from prolonging litigation, would be undermined by denying an award where the plaintiff increased the costs and delay associated with defending an action that was eventually dismissed on account of the plaintiff's lackadaisical response to the Court's repeated

---

[3] Defendants do not dispute that the deposit copies eventually filed by Plaintiff include graphical representations of the allegedly infringed upon designs and references to copyright registration certificates.

orders to produce rudimentary information in support of a basic element of its claim. Cf. Kirtsaeng, 136 S. Ct. at 1986-87.

Plaintiff argues that fees should not be imposed because its financial condition is weak. See Barclays Capital Inc. v. Theflyonthewall.com, No. 06 CIV. 4908 (DLC), 2010 WL 2640095, at *6-7 (S.D.N.Y. June 30, 2010) (finding that an equitable reduction in attorneys' fees was warranted based upon the economic disparity between the two parties); see also Shangold v. Walt Disney Co., No. 03 CIV 9522 WHP, 2006 WL 2884925, at *1 (S.D.N.Y. Oct. 11, 2006), aff'd, 275 F. App'x 72 (2d Cir. 2008) (citing Toliver v. County of Sullivan, 957 F.2d 47, 49-50 (2d Cir. 1992) ("In deciding the amount of fees and costs to award, courts may consider a party's financial circumstances."). In connection with this argument, Plaintiff proffers only its principal's representations that Plaintiff's losses increased and employee census decreased significantly from 2016 to 2017, and that the $26,372.08 award initially requested by Defendants "would cripple [the] company and may even push it to bankruptcy." (Bar Decl. ¶ 34.) This information is too vague and conclusory to demonstrate that Plaintiff would ultimately be unable to pay the award, or that imposition of an award would be inequitable in light of Plaintiff's conduct and the public policy considerations discussed above. See TufAmerica, 2018 WL 401510, at *6 (finding that a reduction in fees was not warranted because the reduced sum would not serve as an adequate deterrent); see also Harrell v. Van der Plas, No. 08 CIV. 8252 (GEL), 2009 WL 3756327, at *7 (S.D.N.Y. Nov. 9, 2009) (declining to reduce fees where defendant opposing such fees failed to provide sufficient support for "a conclusion that there is a substantial disparity in the financial strength of the parties such that defendants may avoid paying plaintiff's fees").

Accordingly, the Court will award Defendants their reasonable attorneys' fees pursuant to Section 505.

The Court next turns to the reasonableness of Defendants' requested fees. "A district court has 'considerable discretion' in determining what constitutes a reasonable fee award," which "should be based on a 'reasonable hourly rate,'" or "'the rate a paying client would be willing to pay,' as determined based on a holistic assessment of all of the circumstances at issue in the case." Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Vintage Tile & Flooring, Inc., No. 14-CV-06450 KBF, 2015 WL 3797273, at *6 (S.D.N.Y. June 18, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir.2008)). A "reasonable hourly rate" should also correspond with the prevailing rates "'in the community for similar services by lawyers of reasonably comparable skill[,] expertise and reputation.'" Id. (quoting McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir.2006)).

Defendants proffer contemporaneous time records in support of their application that specify the date, hours expended, and nature of the work done for each attorney who has prosecuted this action. (Docket Entry Nos. 55-3 and 69-2.) The hourly rates, $275 per hour for a junior associate, $325 per hour for a senior associate, and $450 per hour for a senior partner, are reasonable in light of attorneys' fee awards granted in other copyright actions in this district. See, e.g., Yurman Designs, Inc. v. PAJ, Inc., 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (S.D.N.Y. 2000) (granting attorneys' fees application based on a $520.69/hour rate for a partner and $278.50/hour rate for an associate); (Docket Entry No. 55-3, ¶ 13). The Court has reviewed carefully the Defendants' proffered contemporaneous time records and finds Defendants'

request, including the hours expended and nature of the work done, is reasonable, and is adequately supported by documentation. The original and supplemental declarations appear, however, to duplicate each other with respect to time and charges incurred during the month of January 2018 in connection with the preparation of Defendants' opening papers on this motion practice. (Compare January 30, 2018 Aff., Docket Entry 55, ¶ 17 (requesting an additional $5,775.00 for time spent "[o]n the present motion" in addition to $20,597.08 charged through December 31, 2017) with Docket Entry No. 69-2 (invoice for $5,525.00 for services rendered in January 2018 including preparation of motion for attorneys' fees).) Accordingly, the Court reduces the requested amount by $5,775.00 and awards Defendants attorneys' fees and related expenses in the total amount of $29,954.83.

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees and expenses is granted in the total sum of $29,954.83. The Clerk of Court is requested to enter an Amended Judgment reflecting the foregoing award.

This Memorandum Order resolves Docket Entry Nos. 54 and 69.

SO ORDERED.

Dated: New York, New York
June 13, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge